Joe H. SEAY, Plaintiff in Error,

v.

Sam S. HARLAN, Administrator of the Estate of Flora D. Seay, Deceased, and Mary S. Harlan, Defendants in Error.

No. 39482.

Supreme Court of Oklahoma.
March 27, 1962.

Yonne P. McDaniel, Mangum, for plaintiff in error.

Garrett & Garrett, Mangum, for defendants in error.

JOHNSON, Justice.

This is an appeal from the order of the district court dismissing the appeal of Joe H. Seay, hereinafter called appellant, in a probate proceeding. The record discloses that on the 8th day of July, 1960, the county court admitted the will of Flora D. Seay to probate. On August 5, 1960, appellant, a nephew, filed his appeal from the order admitting the will to probate. On October 27, 1960, the administrator filed a motion to dismiss. On October 28, 1960 the trial court sustained the motion to dismiss.

The motion to dismiss stated there had been a failure to file a statement in writing setting out the grounds of contest. In the order sustaining the motion to dismiss it is stated that the statement of facts constituting the grounds for dismissal are true.

To sustain the order of dismissal appellee asserts that 58 O.S.1961 § 41, requires a statement of the grounds of contest in the appeal from the probate of the will. The only statement in the notice of appeal is as follows:

"The grounds of appeal are as follows: on questions of law and fact.

"That the said Joe H. Seay was not a party and not present at the said hearing on the 8th day of July A.D. 1960."

58 O.S. 1961 § 41, provides as follows:

"If any one appears to contest the will, he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner and other residents of the county interested in the estate, any one or more of whom may demur thereto upon any of the grounds of demurrer allowed by law in civil actions. If the demurrer be sustained, the court must allow the contestant a reasonable time, not exceeding ten days, within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving:

"1. The competency of the decedent to make a last will and testament.

"2. The freedom of the decedent at the time of the execution of the will from duress, menace, fraud or undue influence.

"3. The due execution and attestation of the will by the decedent or subscribing witnesses; or,

"4. Any other questions substantially affecting the validity of the will must be tried and determined by the court.

"On the trial the contestant is plaintiff, and the petitioner is defendant."

The record of the proceeding in probate shows that appellant was duly notified of the proceeding and made no appearance in the proceeding prior to the probate of the will.

Appellant cites In re Blackfeather's Estate (Campbell v. Prophet), 54 Okl. 1, 153 P. 839. This case is not in point. It involved an appeal on a contest where the contestant had stated fully the grounds of the contest in the probate court. Appellant also cites 58 O.S.1961 §§ 721 to 726 inclusive, controlling the right of appeal. We are of the opinion and hold that subject to certain exceptions, which do not include this appellant, before the appeal can be sustained there must be a compliance with Section 41, supra.

58 O.S.1961 § 722, provides:

"Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains, was rendered or made upon his default."

The appellant showed no grounds for contest and offers no excuse for his failure to appear and contest the probate of the will. He therefore discloses no right of appeal.

Order dismissing the appeal is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY and BERRY, JJ., concur.